The opinion of the court was delivered by
Gibson, J.
To show that the evidence was competent, it is necessary only to state the facts. The grain, which is the subject of this replevin, is the produce of land- which was purchased by the plaintiffs below, on a judgment against Joshua Simpson, and of which they obtained possession, by proceedings before two justices of the peace; to which proceedings the defendants were not party. The defendants offered to prove, that the title to this land was in Thomas Simpson, the father of Joshua; that Thomas leased the premises to Thomas E. Simpson, his grandson, who is the son of Joshua, and the substantial defendant in the cause; that Thomas, the defendant, entered in pursuance of the lease, farmed the land, raised the grain in question, and continued in possession until he was turned out, under a writ of possession, from the two justices, against Joshua Simpson; and that Joshua was residing on the premises by permission of Thomas, the defendant. The plaintiffs below object here, that, as they are purchasers at sheriff’s sale, under a judgment and levy, prior to the date of the lease to Thomas, the defendant, the property in the grain growing on the land when possession was delivered to them, vested in them by operation of law, and so conclusively, that no evidence could be received to impugn their right; and undoubtedly this holds good, in regard to any claim by Joshua Simpson himself, because the judgment and proceedings on it to which he was party, would conclude him. But Thomas B. Simpson was not party to the judgment, or those proceedings; and why he should be supposed to be concluded, I am at a loss to imagine. Even dispossessing him under the warrant against Joshua, was a trespass, without the colour of authority. Had he been made a defendant in the proceeding before the two justices, upon an allegation of having come into possession under Joshua, he might, if the *281 fact was found by the inquest, have lawfully been dispossessed; but even then, the inquisition would have been onl j prima facie evidence that the property in question was in the plaintiffs, because Thomas, the defendant, claims by title paramount to Joshua. Property in the grain is a consequence of property in the land. Now, all that could be sold on the judgment against Joshua, was the interest which he is supposed to have derived from his father. But the father would be admitted to disprove his estate; and if so, the grantee of an estate from the father would also be admitted. Then,,suppose even that Thomas, the lessee, had been a party to the proceedings before the justices; he might either have set up the title of his lessor, and thus have stayed the proceedings; or he might have suffered himself to be turned out; but he would not in any event have been precluded from defending his possession, under the title of his lessor, in whose place he stands: otherwise, the latter, by refusing to make oath before the justices, and give security for the prosecution of his title, according to the requisition of the act, would have power to defeat his own grant. The lessee, therefore, notwithstanding the finding of the inquest that he held under the defendant in the execution, would be permitted to show that he held by title paramount. But here there is no pretence that the lessee was a party even to the proceedings before the justices, and it would be monstrous to conclude him.
Judgment reversed, and a venire facias de novo awarded.